CHICAGO RAILWAY EMPLOYMENT AGENCY, A CORPORATION,

*v.*

STATE OF ILLINOIS.

*Opinion filed September 28, 1906.*

1. LICENSE FEE—*payment under void statute.* Claimant paid a fee to obtain a license to operate a private employment agency under the Act of April 11, 1899, (Session Laws 1899, pp. 268-271), but not under compulsion and duress. The Act was later held to be unconstitutional in the case of *Mathews* v. *People,* 202 Ill., 389. *Held,* that claimant is not entitled to an award.

2. ILLEGAL TAX—*when may not be recovered.* Mere payment of an illegal tax, under apprehension that the authorities may proceed with its collection, is not sufficient to entitle a person to recover the same back. (*Yates* v. *Royal Insurance Co.,* 200 Ill., 202.)

E. L. Harpham and C. W. Greenfield, for Claimant.

W. H. Stead, Attorney General, for State.

This case involves a claim on the part of claimant as in the cases of *Adams & Tillotson* and *Sarah Mandel* v. *The State, supra,* to a license fee of $200.00 paid into the State treasury by claimant for a license to run an employment agency under the Act of 1889, (Session Laws, 1889, pp. 268-271), declared unconstitutional in *Mathews* v. *People,* 202 Ill., 389. And, as in those cases, the decision turns upon the question as to whether the said license fee was voluntarily paid, or paid under compulsion and duress by those charged with the supposed legal duty of the collection.

But, unlike as in those cases, we are of the opinion that, in this case, claimant utterly fails to make out his case. Mere payment of any illegal tax under the fear that the public authorities charged with its collection will proceed to its collection under the penalties of the law, are not of themselves sufficient to entitle one to recover back such tax after payment.

*Yates* v. *Royal Insurance Co.,* 200 Ill., 202.

There can be no contention, and in fact it is not contended by claimant's attorneys, that more is shown

by the evidence in this case.  Neither claimant nor any of its officers were prosecuted or arrested; no threats were made against it or them and, in fact, no demand was made either of it nor them of payment of the license fee.  Claimant wanted to go into the business of running an employment agency and, hearing that the State was exacting payment of a license fee, under the Act in question, consulted its attorneys, and, under their advice, applied and paid for and secured such license, without threat or protest.

Such a payment is, under the authority above cited, and, as we believe, under all the authorities, purely a voluntary payment, and as such does not entitle the payor to its recovery, consequently, we reject the claim.